IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-69 |
| | ) | |
| MERRILL NEAL, | ) | (PHILLIPS/SHIRLEY) |
| MICHAEL NEAL, and | ) | |
| BRANDON SCOTT HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on July 19, 2011, for an arraignment on the First Superseding Indictment [Doc. 28], a scheduled pretrial conference, and a motion hearing on the Defendants' joint Second Motion to Extend Motion Cut-off Deadline [Doc. 41] and Defendant Michael Neal's Motion for Attorney/Client Visit [Doc. 36]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt represented Defendant Merrill Neal. Attorney Mike Whalen represented Defendant Michael Neal, and Attorney Russell T. Greene represented Defendant Brandon Scott Harris. All three Defendants were also present.

Following the arraignment on the First Superseding Indictment, Mr. Moffatt informed the Court that the Defendants were seeking an extension of the July 15 motion-filing deadline to August 12, 2011. He stated that the Defendants had received new discovery in this case last week and anticipated the receipt of additional discovery. He stated that this discovery was coming from

Chicago and was necessary to the filing of pretrial motions that the Defendants' intended to file. Mr. Moffatt made an oral motion to continue the August 3 trial date in light of the need for additional time to file motions. He stated that he had discussed the need for additional time with his client and that Defendant Merrill Neal was agreed to give up his speedy trial rights in order to have his pretrial motions heard and resolved.

Mr. Whalen also joined in the motion for an extension of the motion deadline and the motion to continue on behalf of Defendant Michael Neal. He said that he also needed additional time to revise pretrial motions in light of the anticipated discovery before filing them. He stated that he had spoken briefly with his client about the need for a trial continuance. Mr. Greene also joined in the motion to extend the motion deadline for the same reasons as expressed by other counsel, as well as the motion to continue the trial.

The Government had no objection to either an extension of the motion deadline or to a trial continuance. AUSA Stone first observed that this case had high stakes for the Defendants, who are facing long prison sentences if convicted. He stated that the provision of discovery in this case had been prolonged by the investigation occurring in Chicago, but that he had provided all discovery that he believed was required by Rule 16 of the Federal Rules of Criminal Procedure. He stated that the new and expected information that he was providing was in the nature of <u>Giglio</u> material, that he did not have to provide at this juncture, but that he had chosen to provide in order to comply with the spirit of the discovery rules and to give the Defendants a meaningful opportunity to address potential issues in their pretrial motions. AUSA Stone stated that the only outstanding information at this point was (1) text messages sent by the confidential source, (2) the calendar of the confidential source, and (3) telephone records from eight telephones seized from the Beaman Avenue address.

He expected this information to be provided in time for the Defendants to meet an August 12 motion deadline.

The Court finds the joint motion to extend the motion deadline and the oral motion to continue the August 3, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendants have recently received and are awaiting receipt of information necessary to the filing of pretrial motions. Defense counsel have informed the Court that pretrial motions are anticipated. See 18 U.S.C. § 3161(h)(1)(D). Once any pretrial motions are filed, the Court will need time to hold a hearing on the motions and time, not to exceed thirty days, to prepare rulings or reports and recommendation on the motions. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of a report and recommendation, the parties will need time to file any objections, and the District Court will need time to rule upon any dispositive motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the dispositive issues. The Court finds that all of this could not take place before the August 3, 2011 trial date, or in less than six months. Thus, without an extension of the motion deadline and a trial continuance, counsel for Defendants would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' joint oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **January 31, 2012**. The Court also finds, and the parties agree, that all the time between the filing of the motion to extend the motion deadline on July 15, 2011, and the new trial date of January 31, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court also

**GRANTS** the Defendants' joint Second Motion to Extend Motion Cut-off Deadline [**Doc. 41**]. The deadline for filing pretrial motions is extended to **August 15, 2011**. Responses to motions are due on or before **August 29, 2011**. The parties are to appear before the undersigned for a pretrial conference and motion hearing on all pending pretrial motions on **September 8, 2011, at 1:00 p.m.** This motion hearing will continue on **September 9, 2011, at 1:00 p.m.**, if necessary. **September 8, 2011**, will also be the deadline for the provision of reciprocal discovery. The deadline for concluding plea negotiations is **January 10, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **January 16, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **January 20, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Finally, the Court took up Defendant Michael Neal's Motion for Attorney/Client Visit [Doc. 36], asking that this Defendant be transported to counsel's office or to the courthouse so that the Defendant and counsel can meet. The motion describes how defense counsel scheduled a visit with the Defendant at the Blount County Jail but, upon arriving for the scheduled appointment, was informed that he could not meet with the Defendant in a location that would permit him to pass documents to the Defendant for his review. When counsel asked to speak with a supervisor, he was accused of causing trouble every time he came to the jail, an accusation which counsel vehemently denied. Counsel left the jail without meeting with the Defendant. At the July 19 hearing, the Court informed the parties that it had looked into the matter and that the jail official who had confronted Mr. Whalen had acknowledged that he had not handled the matter as well as he should have. The Court found that the mistakes that had been made were acknowledged, and it found no evidence of a repeated or systemic problem at this point. Thus, the Court **DENIED** the motion [**Doc. 36**] at this

time but encouraged counsel to contact the Court or to file a motion if he encountered further problems visiting clients.

Accordingly, it is **ORDERED**:

(1) The Defendants oral motion to continue the August 3, 2011 trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 31, 2012**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motion to extend the motion deadline on **July 15, 2011**, and the new trial date of **January 31, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Defendants' joint Second Motion to Extend Motion Cut-off Deadline [**Doc. 41**] is **GRANTED**, and the motion-filing deadline is extended to **August 15, 2011**;

(5) Responses are due on or before **August 29, 2011**;

(6) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **September 8, 2011, at 1:00 p.m.** This hearing will continue on **September 9, 2011, at 1:00 p.m.**, if necessary;

(7) The deadline for providing reciprocal discovery is **September 8, 2011**;

(8) The deadline for concluding plea negotiations is **January 10, 2012**;

(9) Motions *in limine* must be filed no later than **January 16, 2012**;

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 20, 2012**;

(11) Defendant Michael Neal's Motion for Attorney/Client Visit [**Doc. 36**] is **DENIED** at this time.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge