UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-69 |
| | ) | |
| MERRELL NEAL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on February 17, 2012, for a detention hearing and a motion hearing on Defendant Merrell Neal's Motion for Leave to File Additional Motions [Doc. 78], filed on February 7, 2012. Assistant United States Attorneys Tracy L. Stone and Matthew T. Morris appeared on behalf of the Government. Attorney Christopher J. Oldham represented the Defendant, who was also present.

In the motion, the Defendant requests leave to file additional motions. He contends that his attorney was substituted on December 16, 2011, and, upon reviewing the discovery in this case, has determined that additional pretrial motions are "critical for a competent defense of this matter." He asks that leave to file additional motions be granted *nunc pro tunc* to January 30, 2012, to include the motions that he filed on that date. At the hearing, Attorney Oldham stated that on January 31, he filed four motions, including a Motion to Extend Deadlines for Filing Motions [Doc. 77]. After speaking with AUSA Stone, Mr. Oldham determined that he should file a motion for

1

leave to file the additional motions, rather than the motion to extend the motion deadline. He stated that he wants to file only the three motions that he filed on January 31, which are a Motion for a Bill of Particulars [Doc. 74], a Motion to Strike Surplus Language from the Indictment [Doc. 75], and a Motion for Specific *Brady* Discovery [Doc. 76].

The Government opposes [Doc. 79] the Defendant's request to file additional motions, because none of the proposed motions pertain to new discovery or to new issues that were not known to prior counsel before the expiration of the motion deadline on August 15, 2011. At the hearing, AUSA Stone argued that the substitution of counsel did not cause a change in the Defendant's circumstances such that "there ought to be a reset button on this litigation."

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that certain motions in a criminal case must be alleged pretrial. Rule 12 gives the Court the authority to set a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). The Court may grant relief from such a waiver for good cause shown. Fed. R. Crim. P. 12(e).

In the instant case, the Court permitted [Doc. 44] extension of the motion-filing deadline to August 15, 2011. Defendant Merrell Neal, who at that time was represented by Assistant Federal Defender Jonathan A. Moffatt, filed four motions by this deadline: A Motion to Suppress Evidence Obtained as a Result of Insufficient Search Warrant [Doc. 49], a Motion to Suppress Evidence and for a *Franks* Hearing [Doc. 50], a Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [Doc. 51], and a Motion to Adopt Defendant Michael Neal's Motion for Agents to Retain Rough Notes [Doc. 52]. The Court

2

held a hearing on these motions on September 8, 2011; permitted the parties to file post-hearing briefs; and presently has these motions under advisement. On December 16, 2011, the Court substituted [Doc. 68] Mr. Oldham for Mr. Moffatt, after finding that Mr. Moffatt had an actual conflict of interest in representing the Defendant. At that time, the Court ruled that if Mr. Oldham determined, upon his review of the case, that the January 31, 2012 trial date or other remaining deadlines needed to be continued, he should promptly move the Court for the needed relief. On January 11, the Defendant moved [Doc. 70] the Court for a trial continuance; and on January 20, the Court continued [Doc. 73] the trial to June 26, 2012, at the Defendant's request.

The Court finds that the three motions that the Defendant now seeks leave to file are motions that must be made before trial. See Fed. R. Crim. P. 12(b)(3)(B) & (E). The failure to file these motions before the August 15, 2011 deadline constitutes a waiver of the motions under Rule 12(e), unless the Court finds good cause to grant relief from the waiver. Generally, the Court agrees with the Government that motions that prior counsel had both the opportunity and the obligation to raise before the motion deadline cannot be raised by new counsel. See United States v. Richard Eugene Jones, 3:07-CR-162, [Doc. 58]; United States v. Brian Keith Jones, No. 3:06-CR-149 [Doc. 39].

On the other hand, in this case, the Court finds that good cause exists to permit the three motions that the Defendant now seeks to file. First, the motions do not overlap or appear to be attempts to relitigate matters raised by prior counsel. Second, two of the three motions relate to the provision of information on the charges or discovery, and the Court notes that provision of discovery in this case was prolonged because portions of the investigation occurred in Chicago and elsewhere. Finally, the Court finds that the hearing of these motions would not compromise the June

3

26, 2012 trial date in this case. Accordingly, the Defendant's Motion for Leave to File Additional Motions is **GRANTED in part** in that the Defendant is permitted to file three additional motions [Docs. 74, 75, and 76]. The Defendant's Motion to Extend Deadlines for Filing Motions [**Doc. 77**] is **DENIED as moot**, by agreement of the parties. The Government's deadline for responding to the new motions is **March 2, 2012**. The parties are to appear for a hearing on the new motions on **March 6, 2012, at 1:00 p.m.** If any of the motions can be resolved prior to this hearing, the parties are to notify chambers, particularly if the hearing is no longer needed.

    **IT IS SO ORDERED.**

                ENTER:

                   s/ C. Clifford Shirley, Jr.
                 United States Magistrate Judge