UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:11-CR-69 |
| MERRELL NEAL, MICHAEL NEAL, AND BRANDON SCOTT HARRIS, | ) | (PHILLIPS/SHIRLEY) |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on two pending pretrial motions: Defendant Michael Neal's Motion for Agents, Officers and Employees to Retain Rough Notes [Doc. 47] and Defendant Merrell Neal's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 51], both filed on August 15, 2011. Following the filing of these motions, Defendant Merrell Neal moved [Doc. 52] to join in the motion by Defendant Michael Neal; Defendant Brandon Harris moved [Doc. 53] to join in both motions made by Defendants Michael Neal and Merrell Neal; and Defendant Michael Neal moved [Doc. 54] to join in the motion by Defendant Merrell Neal.

The parties appeared for a hearing on the motions on September 8, 2011. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorneys Michael Whalen, Jonathan A. Moffatt, and Russell T. Greene, appeared on behalf of Defendants Michael

1

Neal, Merrell Neal, and Brandon S. Harris respectively. All three Defendants were present. The Court **GRANTED** the motions to adopt [**Docs. 52, 53, & 54**] at the hearing. The Court heard the arguments and evidence on the remaining motions, which the Court then took under advisement. The Court will now address each of the motions in turn.

### I. MOTION FOR AGENTS TO RETAIN ROUGH NOTES [Doc. 47]

Defendant Michael Neal's Motion for Agents, Officers and Employees to Retain Rough Notes [Doc. 47] and his Memorandum in Support of Motion for Agents, Officers and Employees to Retain Rough Notes [Doc. 48] were adopted by Defendants Merrell Neal [Doc. 52] and Brandon S. Harris [Doc. 53]. The Defendants ask the Court to order all agents to retain all rough notes, including "writings, tape-recorded notes, computer-generated notes and computer data," that were taken as a part of their investigation or prosecution of the case [Doc. 47]. The Defendants argue that because the TBI, FBI, and DEA often use standard forms in making their final report, the agents routinely discard their rough notes after making the reports [Doc. 48]. The Defendants only seek preservation, not disclosure or production, of the rough notes in the event that the notes would be subject to disclosure under Brady v. Maryland, 373 U.S. 83 (1963), United States v. Argurs, 427 U.S. 97 (1976), and United States v. Bagley, 473 U.S. 667 (1985) [Doc. 48].

The Government responds [Doc. 57] that the motion should be denied as moot because the Court's Order on Discovery and Scheduling [Doc. 24, para. H] already directs the Government to "advise its agents and officers involved in this case to preserve all rough notes." The Government contends it has already complied with this order [Doc. 57].

During oral argument on this motion, the Defendants provided further explanation

as to why the motion was filed in light of the Court's Order on Discovery and Scheduling addressing the issue [Tr. 6]. The Defendants' concern was that because this case involved FBI agents in Chicago, Illinois, the Defendants wanted to ensure that the Court's order to retain all rough notes would be recognized and followed by those agents [Tr. 6-7]. The Government responded that it interpreted the Court's discovery order to extend to all agents involved in the case regardless of their location [Tr. 8]. The Government ensured the Court that it has informed the Chicago agents of their obligation [Tr. 9]. Moreover, the Government asserted that it is the standard procedure of the FBI to always retain their rough notes and that the agents are trained on Brady and Giglio obligations [Tr. 9].

The Court entered an Order on Discovery and Scheduling [Doc. 24] on May 25, 2011. Thus, the Court has already ordered in the scheduling order [Doc. 24, para. H] the relief requested by the Defendants: "The government shall advise its agents and officers involved in this case to preserve all rough notes." Moreover, the Government has so directed all agents involved in this case, including the Chicago agents. Accordingly, Defendant Michael Neal's Motion for Agents, Officers and Employees to Retain Rough Notes [**Doc. 47**] is **DENIED as moot**.

## II. PRETRIAL HEARING ON THE EXISTENCE OF A CONSPIRACY [Doc. 51]

Defendant Merrell Neal's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant and Memorandum in Support [Doc. 51] were adopted by Defendants Brandon S. Harris [Doc. 53] and Michael Neal [Doc. 54]. The motion argues that a pretrial hearing on the existence of a conspiracy is necessary in this case to determine in advance of trial: (1) whether a conspiracy exists as charged, (2) whether the

3

Case 3:11-cr-00069-KAC-DCP   Document 90   Filed 04/19/12   Page 3 of 6   PageID #: 588

Defendant was a member of the conspiracy, and (3) whether any statements or acts, which the Government intends to introduce at trial were made in the course of and in furtherance of the conspiracy in question [Doc. 51]. In support of this request, the Defendants assert that this case strongly weighs in favor of conducting a pretrial hearing to avoid prejudice from introducing statements of coconspirators prior to the Government having proven the existence of a conspiracy; however, the motion does not specify a reason for this assertion [Doc. 51]. Furthermore, the Defendants argue that the hearing would be reasonable because it would not be lengthy or unduly burdensome [Doc. 51].

The Government responds [Doc. 58] that the hearing would be unnecessary. The Government points to the Court's general practice of allowing hearsay statements during trial subject to the Government demonstrating at a later point the statements' admissibility by a preponderance of the evidence [Doc. 58]. In addition, the Government asserts that a pretrial hearing in this matter would allow the Defendants to "ascertain the minutia of the government's evidence," which Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, do not permit. [Doc. 58].

The Federal Rules of Evidence require that for a statement of a coconspirator to be admissible non-hearsay, the statement must be made "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). With regard to the determination of the existence of the conspiracy as a requirement of introducing a coconspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the coconspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but

4

instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)). The Court notes that it is the general practice in this district to use the third of these options, the provisional admission method.

Moreover, the Sixth Circuit has contemplated that a mistrial may be the ultimate result of the provisional admission of coconspirator statements: "If, [after provisionally admitting the statements at issue], the court finds that the government has failed to carry its burden [of proving all the elements of Rule 801(d)(2)(E)], it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." Vinson, 606 F.2d at 153. Thus, the fact that a mistrial could be the ultimate result is not a "prejudice" specific to these Defendants or this case but exists every time the provisional admission method is employed.

While the Defendants argue that "[t]he facts weigh strongly in favor of conducting such a hearing to avoid obvious prejudice," they do not assert any specific reason why a lack of a pretrial hearing would prejudice them. The Court finds that the Defendants have not shown that the provisional admission option will cause them some prejudice unique to this case. The Defendants are free to ask the District Judge, by way of a motion *in limine*, to consider alternative methods of handling coconspirator statements.

Because the Defendants' motion [Doc. 51] relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice of the District Court to permit the government to present the statement before proving the conspiracy and then instructing the jury that the government must prove the conspiracy before it can consider the statement.

5

Accordingly, Defendant Merrell Neal's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [**Doc. 51**] is **DENIED** at this time.

### III. CONCLUSION

In summary, it is **ORDERED** that:

(1) The Court **GRANTED** the Defendants' motions to adopt the motions of codefendants [**Docs. 52, 53, & 54**] at the September 8, 2011 hearing;

(2) Defendant Michael Neal's Motion for Agents, Officers and Employees to Retain Rough Notes [**Doc. 47**] is **DENIED as moot**; and

(3) Defendant Merrell Neal's Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [**Doc. 51**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge