UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-069 |
| | ) | |
| MERRELL NEAL | ) | |

## **MEMORANDUM AND ORDER**

In June 2013, the Honorable Thomas W. Phillips sentenced the defendant to an enhanced statutory minimum sentence of Life Imprisonment for conspiring to distribute and possess with the intent to distribute cocaine. Now before the Court is the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 217]. That motion is opposed by the United States. [Doc. 222]. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

As noted, the defendant brings his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, he cites his rehabilitative efforts and additionally argues that if sentenced today he would not be subject to an enhanced mandatory minimum term of Life Imprisonment.

### II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a

sentence reduction. *Id*. at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the defendant has previously asked the BOP to file a compassionate relief motion on his behalf. [Doc. 217]. Thirty days have passed since that request was received by the warden of his facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

3

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. —

. . .

(C) Family Circumstances. —

. . .

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court construes the defendant's motion as relying on subsection (D). As noted, the defendant argues that he would not face an enhanced mandatory life sentence if sentenced today, and he also discusses his rehabilitative efforts. The defendant contends that these two considerations constitute extraordinary and compelling grounds for release.

4

There is presently a split of authority as to whether subsection (D)'s "catch all" provision may be used by the courts or only by the BOP. *Compare United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (subsection (D) may be employed by the BOP or by the courts), *with United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (BOP only). This Court need not enter that dispute today because, in any event, "extraordinary and compelling reasons" have not been shown in this case.

The defendant's argument regarding the sentence he might receive today is construed as a reference to Section 401(a)(1) and (a)(2) of the First Step Act. Those provisions, respectively, redefine the types of prior convictions that can be used to enhance a sentence under 21 U.S.C. § 851 and they reduce the enhanced mandatory minimum sentences for certain controlled substance offenses.[1]

Pursuant to Section 401(c) of the First Step Act, Section 401 applies only to persons who had not yet been sentenced as of December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in June of 20<u>13</u>. Section 401 of the First Step Act therefore does not directly apply to him, and this Court will not use guideline subsection (D) to circumvent Congress's express intent. *See, e.g., United States v. Cisneros*, CR. NO. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("[T]his court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance. Otherwise, every inmate

---

[1] The defendant also cites *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif*, however, is not entitled to retroactive application. *See, e.g., Khamisi-El v. United States*, 800 Fed. App'x 344, 349 (6th Cir. 2020).

5

who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").

Nor does the Court find the defendant's rehabilitative efforts to be "extraordinary and compelling" grounds for release. To be certain, the Court is pleased with the defendant's post-sentencing conduct. His BOP SENTRY Report shows a clean disciplinary record along with significant participation in vocational and educational programming. For that, the defendant is commended. Ultimately, however, the defendant's BOP record is what this Court expects of every prisoner it sentences. As such, while pleasing, the Court does not view the defendant's post-sentencing record as "extraordinary and compelling" for purposes of § 1B1.13.

### III. CONCLUSION

The defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 217] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge