UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-CR-069 |
| | ) | |
| MERRELL NEAL | ) | |

## **MEMORANDUM AND ORDER**

In June 2013, the Honorable Thomas W. Phillips sentenced the defendant to an enhanced statutory minimum sentence of Life Imprisonment for conspiring to distribute and possess with the intent to distribute cocaine. The defendant is presently serving that sentence at USP Coleman II. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jun. 16, 2021).

By memorandum and order entered October 16, 2020, this Court denied the defendant's *pro se* 18 USC § 3582(c)(1)(A) motion for compassionate release. [Doc. 233]. In that motion [doc. 217], the defendant argued that immediate compassionate release from prison was warranted by his post-sentencing rehabilitative efforts and by the likelihood that a lesser term of imprisonment would be imposed if he were sentenced today under current law.

Now before the Court is the defendant's *pro se* "Motion for Reconsideration of Denial of Compassionate Release." [Doc. 238]. In light of an intervening change in the law, *see United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), the Court construes this filing as a *renewed* motion for compassionate release. Also before the Court is the defendant's motion for appointment of counsel. [Doc. 239].

The Court finds that no response from the United States is necessary. For the reasons provided below, the defendant's motions must be denied.

## I. BACKGROUND

As noted, the defendant brings his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. As in his prior motion, the defendant cites his rehabilitative efforts and additionally argues that if sentenced today he would not be subject to an enhanced mandatory minimum term of Life Imprisonment.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. §

2

Case 3:11-cr-00069-RLJ-DCP   Document 240   Filed 06/17/21   Page 2 of 6   PageID #: 1300

3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. When the undersigned denied the defendant's prior compassionate release motion in October 2020, district courts in this circuit regularly turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" warranting a sentence reduction. However, as noted by the defendant, courts in this circuit are no longer to do so, at least as to compassionate release motions filed by prisoners (rather than by the BOP). *See Jones*, 980 F.3d at 1108 ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[1]

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

The analytical change brought forth by *Jones* is, unfortunately, of no ultimate benefit to the present defendant. Under current Sixth Circuit law, a non-retroactive statutory amendment cannot serve as extraordinary and compelling grounds for compassionate

---

[1] No guideline policy statement other than § 1B1.13 has been raised in this case.

3

release, whether alone or in combination with other factors. *Compare United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. Mar. 9, 2021) (The compassionate release statute cannot be used "as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms."), *with United States v. Owens*, 996 F.3d 755, 763-64 (6th Cir. May 6, 2021) (Remanding, *Tomes* notwithstanding, for the district court "to consider whether Owens's rehabilitative efforts and the lengthy sentence he received because of exercising his right to a trial may, in combination with the First Step Act's changes to § 924(c), constitute an extraordinary and compelling reason for compassionate release."), *with United States v. Jarvis*, ___ F.3d ___, 2021 WL 2253235, at *4 (6th Cir. Jun. 3, 2021) ("*Tomes*, decided before *Owens*, 'remains controlling authority' . . . . A faithful reading of *Tomes*, we respectfully submit, leads to just one conclusion: that it excluded non-retroactive First Step Act amendments from the category of extraordinary or compelling reasons, whether a defendant relies on the amendments alone or combines them with other factors.").

*Jarvis*, then, leaves only the defendant's post-sentencing rehabilitation. As observed in the Court's prior ruling, "His BOP SENTRY Report shows a clean disciplinary record along with significant participation in vocational and educational programming. For that, the defendant is commended." [Doc. 233, p. 6]. However, Congress has provided that in the context of 18 U.S.C. § 3582(c)(1)(A) "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

No health-related grounds for compassionate release have been raised by the defendant. In fact, BOP records submitted by the defendant himself show that the BOP considers him to be Care Level 1. [Doc. 217, ex. 1]. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Jun. 16, 2021).

Therefore, as discussed above, the Court cannot find extraordinary and compelling grounds for compassionate release in this case. The defendant's renewed compassionate release motion must be denied. *Elias*, 984 F.3d at 519.

### III. APPOINTMENT OF COUNSEL

As for the defendant's request for appointed counsel, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. Moreover, pursuant to this Court's Standing Order SO-19-04, Federal Defender Services of Eastern Tennessee has already been appointed to represent all defendants who file a *pro se* § 3582(c)(1)(A) motion.

## IV. CONCLUSION

The defendant's renewed motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 238] and his motion for appointment of counsel [doc. 239] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge