UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-CR-69-KAC-DCP-1 |
| MERRELL NEAL, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER DENYING
THIRD MOTION FOR A MODIFICATION OF SENTENCE**

Defendant Merrell Neal filed a pro se third "Motion to Reduce the Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," requesting that the Court "reduce his sentence to 15 years" [*See* Doc. 242 at 2]. The Federal Defenders Services of Eastern Tennessee (FDSET), representing Defendant, supplemented Defendant's Motion and alternatively requested that the Court impose "a reduced sentence of time-served" [*See* Docs. 246 at 1; 249 at 1; 255 at 2]. The United States opposed Defendant's Motion, as supplemented [*See* Docs. 244; 248]. This case was then reassigned to the undersigned [Doc. 253]. Because the Section 3553(a) factors do not support a reduction, the Court denies Defendant's request for a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

I. **Background**

On June 5, 2012, the Grand Jury charged Defendant and others in a fourteen-count (14-count) Second Superseding Indictment related to transporting significant quantities of cocaine from Chicago to Knoxville, Tennessee [*See* Docs. 97; 103 at 2-3, *sealed]. The Grand Jury charged that Defendant, from on or about December 29, 2010 through on or about June 1, 2011, conspired to distribute five (5) kilograms or more of a mixture and substance containing a

1
Case 3:11-cr-00069-KAC-DCP   Document 256   Filed 05/09/23   Page 1 of 6   PageID #: 1530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-CR-69-KAC-DCP-1 |
| MERRELL NEAL, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER DENYING
THIRD MOTION FOR A MODIFICATION OF SENTENCE**

Defendant Merrell Neal filed a pro se third "Motion to Reduce the Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," requesting that the Court "reduce his sentence to 15 years" [*See* Doc. 242 at 2]. The Federal Defenders Services of Eastern Tennessee (FDSET), representing Defendant, supplemented Defendant's Motion and alternatively requested that the Court impose "a reduced sentence of time-served" [*See* Docs. 246 at 1; 249 at 1; 255 at 2]. The United States opposed Defendant's Motion, as supplemented [*See* Docs. 244; 248]. This case was then reassigned to the undersigned [Doc. 253]. Because the Section 3553(a) factors do not support a reduction, the Court denies Defendant's request for a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

I. **Background**

On June 5, 2012, the Grand Jury charged Defendant and others in a fourteen-count (14-count) Second Superseding Indictment related to transporting significant quantities of cocaine from Chicago to Knoxville, Tennessee [*See* Docs. 97; 103 at 2-3, *sealed]. The Grand Jury charged that Defendant, from on or about December 29, 2010 through on or about June 1, 2011, conspired to distribute five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, and 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) (Count One) [Doc. 97]. The Grand Jury also charged Defendant with seven (7) other counts: aiding and abetting the distribution of cocaine and heroin (Counts Three, Four, Nine, and Ten), knowingly possessing a firearm in furtherance of a drug trafficking crime (Counts Seven and Thirteen), and knowingly possessing a firearm as a convicted felon (Count Eight) [*See id.*]. The United States filed an Information under 21 U.S.C. § 851 to increase Defendant's potential punishment based on certain prior felony drug convictions in the state of Illinois and the United States District Court for the Northern District of Illinois [*See* Doc. 99].

On June 18, 2012, Defendant pled guilty to Count One, admitting that he met one of his co-conspirators in this case while serving time in federal prison for one of Defendant's prior drug convictions [Docs. 103 at 3, *sealed; 117]. For sentencing purposes, Defendant's relevant conduct in this case was "limited" to between "five and 15 kilograms of cocaine" [Doc. 103 at 3, *sealed]. But before his conduct in this case, Defendant had already amassed a significant criminal history, including convictions for simple battery, possession with intent to deliver cocaine, eluding police, and conspiracy to possess with intent to distribute cocaine and cocaine base [Presentence Investigation Report ("PSR") ¶¶ 49, 52, 55, 57 *sealed[1]]. At sentencing, the Court dismissed the other seven (7) counts against Defendant in the Second Superseding Indictment [Doc. 165 at 1]. Consistent with the law at the time, the Court sentenced Defendant to Life imprisonment because of the nature of Defendant's instant offense of conviction and his two (2) qualifying prior convictions [*See* PSR ¶ 94, *sealed; Doc. 165 at 2]. The Court also imposed a ten-year (10-year)

---

[1] The PSR was not docketed in this case, but it is on file with the Court.

term of supervised release to follow [Doc. 165 at 3]. Defendant has served nearly twelve (12) years of his sentence [*See* Doc. 244-1 at 1]. While incarcerated, Defendant has filed two (2) prior motions for compassionate release, [*see* Docs. 217; 238], which the Court has denied, [*see* Docs. 233; 240].

Defendant filed the instant third Motion under 18 U.S.C. § 3582(c)(1)(A) [Doc. 242]. Defendant, who is forty-nine (49) years old, raised three (3) purported "'extraordinary and compelling' reasons" to support his request for a reduced sentence. **First**, Defendant contended that he "would not have been sentenced to a mandatory life sentence due to a[n] 851 enhancement if he were sentenced under The First Step Act" because his prior qualifying convictions "would not count" as predicate offenses today [*Id.* at 1-2]. **Second**, Defendant referenced his "risk of getting Legionnaires' disease" and "the spike in COVID-19 cases" that "could" reach his institution and put him "at risk of a breakthrough infection" even though he "has been vaccinated" [Doc. 242 at 2]. Through counsel, Defendant asserted that his race, obesity, and major depressive disorder diagnosis collectively put him at increased risk of contracting COVID-19 and its variants [*See* Docs. 246 at 2, 5-6; 255 at 1, *sealed]. **Third**, Defendant cited his rehabilitation and completion of "several programs" [Doc. 242 at 2]. Through counsel, Defendant also submitted several letters of support attesting to his rehabilitation [*See* Docs. 249; 249-1; 249-2; 250].

The United States opposed Defendant's motion, as supplemented [*See* Docs. 244; 248]. The United States asserted that Defendant failed to exhaust his administrative remedies as to his request for compassionate release based on the COVID-19 pandemic and Legionnaires' disease [*See* Doc. 244 at 4-5 (citing Defendant's prior request for a reduced sentence in 2020)]. The United States further argued that Defendant "has not established any extraordinary and compelling reason" warranting a reduced sentence, specifically noting that Defendant has received the

COVID-19 vaccine [*Id.* at 6-7; *see also* Doc. 245 at 30, 43-44, *sealed]. Last, the United States argued that the Section 3553(a) factors "weigh against" a sentence modification because Defendant has a "substantial criminal history" and his trafficking of "more than five kilograms of cocaine after incurring other prior felony drug convictions" was "serious" [Docs. 244 at 10-11; 248 at 3-4].

II.     Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Section 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. First, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf" or thirty (30) days must have lapsed "from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). Second, if that threshold requirement is met as to at least one sufficient basis for relief,[2] a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted).

---

[2] The United States contended that Defendant failed to exhaust his administrative remedies as to his request for relief based on the COVID-19 pandemic and Legionnaires' disease [*See* Doc. 244 at 4-5]. But the United States referenced Defendant's first request for a reduced sentence in 2020 without discussing any potential requests that Defendant has made to the warden at his facility since then but before filing this Motion [*See id.* (citing Doc. 217-1)]. As to the instant Motion, it is unclear whether Defendant has exhausted his administrative remedies for any basis. But the Court need not specifically adjudicate this factual issue because the Court denies Defendant's request on an independent basis.

4

The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins and ends its analysis there.[3] Defendant is serving a Life sentence for conspiring to distribute and possess with intent to distribute a substantial amount of cocaine [Doc. 165]. This is a significant offense that endangered Defendant and the community. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). But Defendant's drug trafficking did not begin with the instant 2012 conviction. In 1992, Defendant possessed cocaine with intent to deliver [*See* PSR ¶ 52, *sealed]. And in 1998, he incurred his first federal conviction for conspiring to distribute cocaine [*See id.* ¶ 57, *sealed]. He served a 105-month sentence, which expired in April of 2010 [*Id.*, *sealed]. Less than a year later, Defendant entered this cocaine conspiracy after he reconnected with an individual he met in federal prison [*Id.* ¶ 28, *sealed]. Defendant's prior convictions and sentences simply did not deter him from continuing to engage in the very same conduct—drug trafficking. Continued incarceration is therefore necessary to deter Defendant from committing further crimes, and his history and characteristics counsel against a sentence reduction. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). Further, at the time of Defendant's conduct in this case, Congress mandated a Life sentence for Defendant's offense because of his substantial criminal history, and Defendant has served twelve (12) years of that sentence. A reduced sentence at this time would potentially risk creating an unwarranted sentencing disparity among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). And in any event, Defendant has not demonstrated that a reduced sentence

---

[3] While Defendant's health conditions may leave Defendant at a greater risk of complications were he to contract COVID-19, the fact that Defendant has been fully vaccinated against COVID-19 significantly reduces the risk of serious disease or death. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

is warranted at this time under the current law. On balance, the relevant Section 3553(a) factors weigh against providing a sentence reduction at this time.

Having considered all of the Section 3553(a) factors, a reduction of Defendant's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Accordingly, the Court **DENIES** Defendant's third pro se "Motion to Reduce the Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 242], as supplemented [Docs. 246; 249].

IT IS SO ORDERED.

/s/ Katherine Crytzer
KATHERINE A. CRYTZER
United States District Judge

6
Case 3:11-cr-00069-KAC-DCP   Document 256   Filed 05/09/23   Page 6 of 6   PageID #: 1535